Eastern District of Kentucky
**FILED**

MAR 03 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL CASE NO. 05-313-KKC

SHANNON BILLY RILEY,                  PETITIONER

VS.          **REPORT AND RECOMMENDATION**

JOHN MOTLEY, WARDEN,             RESPONDENT

*******

      This matter is before the Court upon the "Motion to Dismiss" (DE#15) by the respondent warden, John Motley, and the related "Motion to Hold Petition in Abeyance (DE#30) by the pro se prisoner, Shannon Riley. This matter has been referred to the Magistrate Judge for initial consideration and a Report and Recommendation. Having considered the record, including the Petition and Memorandum (DE#1), First Amended Petition (DE#14), "Motion to Dismiss" (DE#15), Second Amended Petition (DE#27), Third Amended Petition (DE#31), "Motion to Hold Petition in Abeyance" (DE#30), and various related filings (DE#17, 18, 19, 21, 22, 26), the Magistrate Judge makes the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

      On the morning of June 28, 2002, Shannon Riley robbed the Tri-County National Bank in Barbourville, Kentucky. He was wearing a mask and armed with a shotgun. He told the tellers to fill his pillowcase with money and then fled with $6,799.00 from the bank's money drawer. He drove off in a relative's car. Several witness notified police of the license plate number and described the robber, and police officers arrested Riley approximately thirty minutes later as he was exiting such vehicle. Stacks of new five-dollar bills in sequential order, taken from the bank's money drawer, were found inside the vehicle. Riley matched the witnesses' physical description of the robber. Riley (age 29 at the time) claimed he had been with his 17-year-old girlfriend at her residence, although police confirmed that there was no one home at such residence.

Riley was indicted on state charges of "Robbery in the First Degree" and "Persistent Felony Offender in the First Degree". Through his counsel, Riley entered a not guilty plea on September 13, 2002. His jury trial proceeded in the Knox County Circuit Court on November 12-13, 2002, with Judge Roderick Messer presiding. During voir dire proceedings, Riley became agitated and disruptive. The trial judge ordered Riley to cease interrupting with belligerent outbursts. Riley disregarded the judge, used profanity, and refused to comply with the bailiff's request that he sit down at the table with defense counsel. Specifically, the appellate state record indicates that:

> "[I]t was Appellant's disruptive behavior during voir dire that forced the judge to take action to maintain order and decorum. The record indicates that during voir dire, as the judge was addressing the jurors, Appellant disrupted the courtroom with a loud outburst of profanity, saying "f- - - -' ass. Buddy we got a problem here – a major problem." The judge immediately excused the jury and called the litigants to the bench. Appellant explained that he believed there were witnesses who had not been spoken to, and he was not getting a fair trial. The judge warned Appellant that he had his say, and if he disrupted the trial again, he would have him handcuffed and gagged. The record indicates that Appellant then replied by saying "Well let's do it, Buddy. Do what you got to do. Gag me, handcuff me, 'cause this is horseshit." Appellant's reply gave the judge assurance that he intended to continue disrupting, and he ordered Appellant to be handcuffed and gagged with duct tape." *Riley v. Commonwealth*, 2003-SC-0366-MR, unpublished, at *5; see DE#15, Appx. 23.

When proceedings resumed after lunch, the restraints were promptly removed upon defense counsel's request. The videotaped record confirms that Riley remained free of restraints for the rest of the trial.

The jury returned a guilty verdict, and the court imposed a sentence of 25 years imprisonment. Judgment of conviction was entered on or about May 7, 2003. Through appointed counsel, Riley appealed the following two issues: 1) his restraint had rendered the trial "unfair", and 2) his "mugshot" photograph should not have been introduced into evidence. The Kentucky Supreme Court affirmed Riley's conviction in an unpublished decision rendered on August 26, 2004. See DE#15, Appx. 19-29 for copy of opinion. Riley did not seek certiorari. On

October 28, 2004, he filed an untimely[1] pro se petition for rehearing, followed by a pro se supplemental brief, attempting to raise numerous "new" issues. DE#15, Appx. 5-18. On February 17, 2005, the Kentucky Supreme Court denied rehearing. DE#15, Appx. 4. Petitioner did not seek state post-conviction relief pursuant to RCr 11.42 or any other state rule.

On June 3, 2005, Riley filed a pro se federal habeas petition. He filed an amended petition on June 24, 2005. DE#14. After the warden moved to dismiss (DE#15) for lack of exhaustion, Riley asked on July 20, 2005 for leave to amend his petition again. DE#17. He was granted leave (DE#24), and a second amended petition (DE#27) was filed. The prisoner also filed multiple briefs (DE#18, 19, 21, 22) and "Objections" (DE#26), although no Report and Recommendation existed at such time. As Riley had asserted and withdrawn numerous related issues, and had filed various briefs making conflicting statements about what claims were being raised, the Magistrate Judge directed petitioner to identify the exact issues he was asserting. DE#29. Riley disregarded the specific instructions in such order, and instead, on December 29, 2005, tendered a third amended petition (DE#31) without leave of court, along with a "Motion to Hold Petition in Abeyance" (DE#30). In order to prevent any further delay in the adjudication of these matters, the Magistrate Judge subsequently granted leave for Riley's tendered third amended petition to be filed in the record.

## II. Issues Presented

The procedural issues presently before this Court are: 1) whether the present petition is "mixed", i.e. containing exhausted and unexhausted claims, and 2) whether the petition should be dismissed without prejudice, held in abeyance while the prisoner pursues exhaustion of any available state remedies, or proceed to consideration on the merits.

## III. Conclusions of Law

**Exhaustion**

---

[1] Riley's petition for rehearing was untimely because Rule 76.32(2) of the Kentucky Rules of Civil Procedure requires such petitions to be filed "within 20 days after the date on which the opinion was issued..."

Before seeking habeas relief in federal court, a state prisoner must first exhaust "the remedies available in the courts of the State." *Banks v. Dretke*, 540 U.S. 668, 124 S.Ct. 1256, 1271, 157 L.Ed.2d 1166 (2004). The AEDPA, at 28 U.S.C.A. §2254(b), specifically provides that:

"(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

To satisfy the exhaustion requirement, a state prisoner must "fairly present" the substance of each of his federal constitutional claims to the state courts before raising such claim on habeas. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)(per curiam). The prisoner must then complete any appeals through the *highest* level of the state courts before seeking federal habeas relief. *Id.* The highest state court must be "given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990). The "fair presentation" requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

If a petitioner raises issues, such as ineffective assistance of trial counsel, in a state motion under RCr 11.42, he must also exhaust state remedies with regard to those claims. *Hafley v. Sowders*, 902 F.2d 480, 482-483 (6th Cir. 1990); *Silverburg v. Evitts*, 993 F.2d 124, 126-127 (6th Cir. 1993); see also, e.g., *Sherley v. Parker*, 229 F.3d 1153, 2000 WL 1141425 at *4-5 (6th Cir. (Ky.))(finding that in order to exhaust state remedies with respect to claim of ineffective assistance of trial counsel, petitioner should have sought discretionary review from the Supreme Court of Kentucky); *Johnson v. Collins*, 145 F.3d 1331, 1998 WL 228029 (6th Cir.); *White v. O'Dea*, 129 F.3d 1266, 1997 WL 693060 (6th Cir. (Ky.)).

## Issue 1: Whether the Third Amended Petition is "Mixed"

In determining whether the present petition (DE#31) is "mixed", the substantive issues raised by petitioner must first be discerned. Riley is a prolific filer of disorganized briefs and claims that are often difficult to follow. In his initial habeas petition (DE#1), he raised numerous issues (grounds A-Q) in his 33-page memorandum, but then indicated in his subsequent "grounds for petition", entered in the docket as a first amended petition (DE#14), that he was abandoning all but three claims, namely: 1) "Trial counsel's failure to consult with the defendant prior to the pretrial hearing violated the Sixth Amendment", 5) "Trial court's failure to hold an ex parte hearing on the defendant's request to discharge counsel to evaluate the conflict that defendant had with counsel violated 5th, 6th, and 14th Amendments", and 6) "the trial court ordering the defendant Shackled and Gagged (sic) without proper determination violated 5th, 6th, and 14th Amendments". See DE#14, p.1-2 (numbering claims as A-1, E-5, and F-6).

The respondent moved to dismiss (DE#15), correctly pointing out that Riley had not exhausted his available state remedies with respect to any claims of ineffective assistance of trial counsel.[2] Riley then sought leave to file a second amended petition. He indicated that he was abandoning the unexhausted issue #A-1, but still wished to raise issues #E-5 and #F-6. DE#17, p. 1-2. He explained again in a supplemental brief that his "petition for habeas corpus relief is only being filed in this Court based on two of the Grounds E...and Ground F". DE#21, p. 1, 7. Riley was granted leave to file a second amended petition. DE#24, Order.

However, in his second amended petition (DE#27), Riley indicated that he "is submitting the following Grounds in support of his petition for habeas corpus on the claim of ineffective assistance of appellate counsel". He then listed ten grounds: 1) trial counsel should have consulted with defendant prior to the preliminary hearing, 2) trial counsel should have consulted with defendant before filing motion for speedy trial, 3) trial counsel subpoenaed witnesses that did not exist, 4) the bailiff "failed to allow defendant access to the court", 5) the trial court should have held an ex parte hearing to evaluate defendant's request to discharge

---

[2] Claims of ineffective assistance of trial counsel are commonly addressed in a motion pursuant to RCr 11.42. See, e.g., *Turner v. Commonwealth*, 2004 WL 2563668 (Ky. App.) (holding that the prisoner's "claims of ineffective assistance of trial counsel should have been ... raised in his 11.42 motion"). Such remedy was still available to Riley, as RCr 11.42 gives prisoners three years "after the judgment becomes final" in which to file.

counsel for conflict, 6) defendant was shackled and gagged "without proper determination", 7) the "Jury's Exposure of defendant in Shackles and Gagged was inherently prejudicial...", 8) the "Sheriff's deputy and prisoner identification in the presence of the jury violated his Amendments 5, 6, and 14...", 9) "denial of competent counsel" because the trial court should have held an ex parte hearing to determine if there was an "actual conflict", and 10) ineffective assistance of appellate counsel for failure to assert the other nine grounds. He also attached his state petition for rehearing and supplemental brief.

To add to the confusion, Riley filed an additional brief (DE#26) mislabeled as "Objections to the Report and Recommendation". However, there was no Report and Recommendation in existence at the time. Riley was actually quarreling with the Court's Order on 9/8/05 (DE#24) which had *granted* his request to "alter" his petition a second time. Although Riley "objected" to the "lack of exhaustion" of his ineffectiveness claim, *see* DE#26, p. 3, the Court's order had *not* ruled on any exhaustion issues and had expressly indicated this in plain language. DE#24 ("the issue of exhaustion will be addressed when the pending motion to dismiss is considered").

In the same brief (DE#26), Riley also requested that his second amended petition be held in abeyance while he exhausted remedies in state court. The AEDPA, at 28 U.S.C.A. §2254(c), provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." The respondent, with respect to the first amended petition, had correctly indicated that a state remedy (i.e. a state motion pursuant to RCr 11.42) was still available for the prisoner's claims of ineffective assistance of trial counsel. Riley had then deleted such unexhausted claim and filed a second amended petition alleging ineffective assistance of appellate counsel on various grounds.

As it had become rather difficult to discern Riley's position, the Magistrate Judge directed petitioner to identify the specific issues he was raising. See DE#29. Petitioner was ordered to respond concisely (i.e., no longer than one-page, with no additional argument or legal citations). The prisoner disregarded such instructions and tendered a "third amended petition" (DE#31) without leave, as well as a motion to hold it in abeyance (DE#30) while he pursued exhaustion of state remedies.

In such third amended petition, Riley again asserted that it "is being filed on ineffective assistance of appellate counsel". DE#31, p.1. He alleged that various

individuals at the Department of Public Advocacy had conspired against him and "failed and refused to raise the following grounds" on direct appeal. He then listed the following four arguments: 1) "Defendant received ineffective assistance of appellate counsel when his appellate counsel failed to tender the following argument in his direct appeal violated 6th, and 14th Amendments"; 2) "The courtroom bailiff dening (sic) the defendant access to the court violated due process of the 14th Amendment"; 3) "Trial court failed to hold an ex parte hearing on the defendant's request to discharge counsel by way of ordering him to be shackled and gagged to force him to trial with counsel that he had an actual conflict with violated 5th, 6th, and 14th Amendments"; and 4) "Jury's exposure of defendant in shackles and gagged was inherently prejudicial with the sheriff's deputy and prisoner identification violated 5th, and 14th Amendments". DE#31, p.2.

This Court has given the prisoner repeated opportunity to amend and clarify his petition. The Court has even directed the prisoner to clearly identify his claims. The prisoner has now twice indicated that he is only asserting "ineffective assistance of appellate counsel" on various grounds. Hence, the third amended petition is not a "mixed" petition containing both exhausted and unexhausted issues.[3]

## Issue 2: Whether the Petition Should be Dismissed Without Prejudice or Held in Abeyance

The respondent's motion to dismiss (DE#15) for lack of exhaustion concerned an earlier version of the petition (DE#14) which was clearly "mixed", i.e., it contained exhausted and unexhausted claims. However, the first amended petition has been replaced by later versions (DE#27, 31) which are not "mixed". The respondent's motion to dismiss should be denied as moot.

As to whether Riley's petition should be held in abeyance while he pursues exhaustion of state remedies for his unexhausted claims of ineffective assistance of appellate counsel, the United States Supreme Court recently held that "stay and abeyance should be available only in limited circumstances". *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). The Supreme Court

---

[3]The second and third amended petitions both contain only claims of ineffective assistance of appellate counsel that have never been fairly presented to or considered by the state courts. However, there are no available state remedies for petitioner to pursue with respect to such claims.

pointed out that:

> "Staying a federal habeas petition would frustrate the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 125 S.Ct. at 1534 -1535, citing *Duncan,* at 180, 121 S.Ct. 2120 ("diminution of statutory incentives to proceed first in state court would... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

The Supreme Court further explained that:

> "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 125 S.Ct. at 1535.

The Supreme Court also observed that abeyance would not be appropriate when a prisoner had engaged in intentionally dilatory litigation tactics. *Id*.

However, it is not necessary to reach such analysis here. The case law reflects that, for cases (like the present one) where the direct appeal was fully briefed and decided on the merits, claims of ineffective assistance of appellate counsel are not cognizable on post-conviction review in the state courts of Kentucky. See *Lewis v. Commonwealth,* Ky., 42 S.W.3d 605, 614 (2001)(holding that "[i]neffective assistance of appellate counsel is not a cognizable issue in this jurisdiction"); *Roberson v. Commonwealth*, 2004 WL 2676306 at *1 (Ky. App.) ("the Kentucky Supreme Court has repeatedly held that ineffective assistance of appellate counsel is not a cognizable issue"); *Anderson v. Commonwealth*, 2003 WL 22149296, *9 (Ky. 2003); *Estep v. Commonwealth*, 2003 WL 22220270 at *5 (Ky. App.); *Wilkerson v. Commonwealth*, 2004 WL 758348 at *1 (Ky. App.); *Vunetich v. Commonwealth*, Ky., 847 S.W.2d 51 (1990); *Hicks v. Commonwealth*,

825 S.W.2d 280, 281 (1992).[4] Thus, although Riley has not "fairly presented" any claims of ineffective assistance of appellate counsel to the state courts, he has no "available" state remedies for such claims.[5] In fact, Riley himself acknowledges that "a claim of ineffective assistance of appellate counsel is not cognizable in the Kentucky courts". DE#17, p. 5. Abeyance would be pointless.

In conclusion, neither dismissal for lack of exhaustion nor abeyance for the purpose of pursuing state remedies is appropriate here. Both motions (DE#15, 30) should be denied. Given that there are no "available" state remedies, and given that criminal defendants have the right to effective counsel on direct appeal, see *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1984); *Jones v. Barnes*, 463 U.S. 745, 752-53, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); and *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000), it appears that this Court will have to address petitioner's claim (that his appellate counsel was ineffective for not raising various grounds) without the benefit of a state decision.[6] The respondent has reserved the right to brief the merits and asks for thirty (30) days to file such brief. DE#15, p. 3, ¶8. The respondent should be given such opportunity.

**No Evidentiary Hearing Required**

Only if the court finds a factual dispute should it grant an evidentiary

---

[4]In *Hicks*, the Court reiterated that claims of ineffective assistance of appellate counsel are generally not cognizable on state post-conviction review, except in instances where counsel failed to perfect the appeal or where the appeal was dismissed due to counsel's neglect. Such exceptions are inapplicable, as Riley's appeal was fully briefed and considered on the merits.

[5]To the extent Riley argues that he attempted to raise a claim of ineffective assistance of appellate counsel in his pro se petition for rehearing and supplemental brief, such filings were untimely. They also inappropriately attempted to raise a laundry list of new issues. "New" issues may not be asserted in a petition for rehearing. Hence, Riley did not "fairly present" such claims. *Castille*, 489 U.S. at 351 (holding that a prisoner's submission of a new claim to a state's highest court on discretionary review does not constitute "fair presentation" of the claim).

[6]At least one state opinion has pointed out the anomaly of state courts not reviewing this type of ineffectiveness claim, but found itself bound by precedent. See *Payne v. Commonwealth*, 2004 WL 691208 at *4 (Ky. App.)("Despite this apparent conflict in the law....we are bound....to apply *Lewis* regardless of our evaluation of its correctness").

hearing. *Witham v. United States*, 355 F.3d 501, 506 (6th Cir. 2004); *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). In the present case, the motions at issue (DE#15, 31) concern only the procedural issues of exhaustion and abeyance. An evidentiary hearing would not help resolve such legal issues, and thus, an evidentiary hearing is not warranted.

### V. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement, 28 U.S.C. §2253(c)(3); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2002); *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed2d 542 (2000). This Report and Recommendation concerns only preliminary procedural matters and does not concern a final decision on the merits of the petition. The motion to dismiss is moot as it concerns an earlier version of the habeas petition that was "mixed", whereas the most recent version (DE#31) is not "mixed". As the petitioner is asserting ineffective assistance of appellate counsel on various grounds, it appears there are no available state remedies for him to exhaust. Hence, abeyance would be pointless. A COA under these circumstances would serve little purpose, result in further delay, and need not be issued.

### RECOMMENDATION

It is **RECOMMENDED** that:

a) the "Motion to Dismiss" (DE#15) by the respondent should be **DENIED as moot**;

b) the "Motion to Hold Petition in Abeyance" (DE#30) by the pro se petitioner should **DENIED**; and

c) a certificate of appealability should not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 3rd day of March, 2006.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge