UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-313

SHANNON BILLY RILEY,                                                             PLAINTIFF,

v.                          **OPINION AND ORDER**

JOHN MOTLEY, Warden,                                          DEFENDANT.

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

On June 7, 2005, plaintiff Shannon Billy Riley ("Riley") filed his initial pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Rec. No. 1). Pursuant to local custom, the matter was referred to the Magistrate Judge.

Riley filed a First Amended Petition on June 27, 2005. (Rec. No. 14). On July 7, 2005, the defendant John Motley (the "Warden") moved to dismiss the First Amended Petition for lack of exhaustion. (Rec. No. 15). In response, Riley asked for permission to file another amended petition, which the Court granted. (Rec. Nos. 17, 24). Riley then filed a Second Amended Petition on September 8, 2005. (Rec. No. 27). Because Riley had asserted and withdrawn numerous issues and had filed various pleadings making conflicting statements about what the claims he was raising, the Magistrate Judge directed Riley to identify the specific issues he was raising with his petition. (Rec. No. 29). Riley then filed a Third Amended Petition on March 3, 2006 (Rec. No. 31) and a Motion to Hold Petition in Abeyance. (Rec. No. 30).

On March 3, 2006, the Magistrate Judge entered a Report and Recommendation (Rec. No. 33) regarding the Warden's pending Motion to Dismiss and Riley's pending Motion to Hold Petition in Abeyance. The Magistrate Judge noted that the Warden's Motion to Dismiss was made with regard to the First Amended Petition which had been replaced by a Second and, finally, Third

Amended Petition. The Magistrate Judge further noted that the Motion to Dismiss was made on the basis that the First Amended Petition was a "mixed" petition containing both exhausted and unexhausted claims. The Magistrate Judge determined that the Third Amended Motion contained only ineffective assistance of counsel claims. Thus, it was not a "mixed" petition and the Motion to Dismiss – which had relied on an argument that the First Amended Petition was a "mixed" petition – should be denied as moot.

The Magistrate Judge also concluded that Riley's motion to hold this matter in abeyance while he pursued exhaustion of state remedies should be denied. The Magistrate Judge determined that, with certain exceptions inapplicable here, claims of ineffective assistance of appellate counsel are not cognizable on post-conviction review in the state courts of Kentucky. Accordingly, abeyance would be pointless. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Riley has filed objections to the Magistrate Judge's Report and Recommendation. He objects to various factual findings by the Magistrate Judge regarding the crime he allegedly committed and his conduct during his state court trial. The Report and Recommendation, however, addressed only procedural issues. The Magistrate Judge's findings of fact regarding the alleged crime or Riley's conduct during trial are irrelevant to the Magistrate Judge's recommendation that the Motion to Dismiss and the Motion to Hold in Abeyance be denied.

Riley may also be objecting to the Magistrate Judge's legal finding that claims of ineffective assistance of appellate counsel are not cognizable in Kentucky on post-conviction review. Nevertheless, the Kentucky Supreme Court has repeatedly held that ineffective assistance of

2

appellate counsel is not a cognizable issue in Kentucky. *See, e.g., Lewis v. Commonwealth*, 42 S.W.3d 605, 614 (Ky. 2001). Accordingly, the Magistrate Judge correctly concluded that there is no reason to hold this matter in abeyance so that Riley may exhaust his ineffective assistance of counsel claims in the Kentucky state courts.

The Warden also submitted objections to the Magistrate's findings, arguing that the Third Amended Petition is a mixed petition that contains at least one claim that is procedurally defaulted and, thus, the petition should be dismissed. Specifically, the Warden argues that Ground Three of the Third Amended Petition is not an ineffective assistance of counsel claim.

At the beginning of his Third Amended Petition, Riley states it "is being filed on ineffective assistance of appellate counsel." He further states, "Petitioner was denied his right to effective assistance of appellate counsel when the Department of Public Advocacy (DPA) and Staff. . . failed and refused to raise the following Grounds in his direct appeal. . . ." Riley then details grounds one to three. Ground Three of the Third Amended Petition states that the "[t]rial court failed to hold an ex parte hearing on the defendant's request to discharge counsel by way of ordering him to be shackled and gagged to force him to trial with counsel that he had an actual conflict with violated 5th, 6th and 14th Amendments." Riley concludes the petition by asking the court to "determine if the Department of Public Advocacy and Staff denied the petitioner effective assistance of appellate counsel in his direct appeal. . . ." In his objections to the Magistrate Judge's Report and Recommendation, Riley again states, "Riley has filed his petition for habeas corpus on the claim of ineffective assistance of appellate counsel." (Rec. No. 34 at 4).

Accordingly, the court concludes that, in his Third Amended Petition, Riley complains that his appellate counsel failed and refused to raise the four issues detailed in grounds one to four. Thus,

3

Riley complains that his appellate counsel failed and refused to raise the issue detailed in Ground Three of the petition. Accordingly, the Magistrate Judge correctly concluded that the Third Amended Petition raised only ineffective assistance of appellate counsel claims and was not a "mixed" petition. The Warden's Motion to Dismiss was based on the argument that the First Amended Petition was a "mixed" petition. Because Riley then filed a Third Amended Petition that is not "mixed," the Magistrate Judge correctly concluded that the Motion to Dismiss should be denied as moot.

Having considered the parties' objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court hereby adopts the Magistrate Judge's Report and Recommendation.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's report and recommendation (Rec. No. 33) is ADOPTED as and for the opinion of the Court;

(2) Riley's objections to the Magistrate Judge's report and recommendation (Rec. No. 34) are OVERRULED;

(3) The Warden's objections to the Magistrate Judge's report and recommendation (Rec. No. 35) are OVERRULED;

(4) Riley's Motion to Hold Petition in Abeyance to Satisfy Exhaustion Requirements (Rec. No. 30) is DENIED;

(5) The Warden's Motion to Dismiss (Rec. No. 15) is DENIED as moot;

(6) The Warden's Motion for Extension of Time to File Response (Rec. No. 15) is GRANTED and the Warden is hereby ORDERED to file a response to the Third

Amended Petition for Writ of Habeas Corpus within 30 days from the entry date of this Opinion and Order.

Dated this 30th day of March, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge