UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 05-313-KKC

SHANNON BILLY RILEY,                                                    PETITIONER,

v.                              **OPINION AND ORDER**

JOHN MOTLEY, Warden,                                                    RESPONDENT.

* * * * * * *

On January 3, 2007, the Court issued an Opinion and Order [Rec. No. 52] denying

Shannon Billy Riley's ("Petitioner") Petition for Writ of Habeas Corpus and adopting the Report

and Recommendation of the Magistrate Judge [Rec. No. 48]. This matter is now before the Court

on numerous motions of the Petitioner, including a Motion for Leave to Appeal *In Forma*

*Pauperis* [Rec. No. 57] and a Motion for Leave to File a Certificate of Appealability [Rec. No.

54].

**I. Certificate of Appealability**

Accompanying the Court's January 3rd Opinion and Order was a Judgment [Rec. No. 53],

which held that a certificate of appealability should not be issued in this matter. "A district judge

may issue or deny a COA when he rules on a habeas motion." *Castro v. U.S.*, 310 F.3d 900, 901-

902 (6th Cir. 2002).

As discussed in the Report and Recommendation, which was adopted as the opinion of

the Court, a certificate of appealability may be issued "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing

includes "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In his habeas petition, Petitioner claims ineffective assistance of appellate counsel, alleging that his appellate counsel failed to argue a number of issues. As discussed in the Report and Recommendation, Petitioner has not made a substantial showing of the denial of his constitutional right to effective appellate counsel, thus, a certificate of appealability should not be issued.

On January 16, 2007, the Petitioner filed a Motion for Leave to File a Brief Application for a Certificate of Appealability [Rec. No. 54] followed by a memorandum in support the motion [Rec. No. 58]. The Petitioner argues that the Court erred when it did not engage in an individualized assessment of each claim presented and determined that a certificate of appealability should not be issued before the Petitioner applied for such a certificate. The Petitioner cites to *Murphy v. Ohio*, 263 F.3rd 466 (6th Cir. 2001) as support for this proposition. However, the Sixth Circuit has criticized *Murphy* as being in conflict with earlier decisions which clearly allow a district court to decide whether to issue a certificate of appealability at the time of the denial of a habeas petition. *Castro v. U.S.*, 310 F.3d 900, 901 (6th Cir. 2002).

The Court issued a ruling on the certificate of appealability before the Petitioner applied for one, however, the Court's action did not deprive the Petitioner of an opportunity to show his entitlement to one because "[a] petitioner is entitled to a COA only if he has made a substantial showing of the denial of a constitutional right." *Id*. at 902-903 (citations and internal quotation marks omitted). As discussed above, the Petitioner has failed to make this showing, thus, a

2

certificate of appealability will not be issued.

## II. *In Forma Pauperis*

An appeal may be taken in *forma pauperis* if it is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R.App. P. 24(a). The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.*

After review, the Court determines that any appeal from the decision denying Petitioner's application for writ of habeas corpus would be frivolous, thus, Petitioner may not proceed *in forma pauperis* on appeal.

## III. Petitioner's Remaining  Motions

On January 16, 2007, Riley filed a Notice of Appeal [Rec. No. 55]. "It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal," thus Petitioner's remaining motions will be DENIED as MOOT. *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995).

## IV. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

(1)     Petitioner's Motion for Leave to File a Brief Application for a Certificate of Appealability [Rec. No. 54] is **DENIED**;

(2)     Petitioner's Motion for Leave to Appeal *In Forma Pauperis* [Rec. No. 57] is **DENIED**;

(3)     Petitioner's Motion for District Judge to Recuse or Disqualify Herself from this

3

Action [Rec. No. 62] is **DENIED** as **MOOT**;

(4)     Petitioner's Motion to Supplement Legal Documents into the Record [Rec. No.

65] is **DENIED** as **MOOT**;

(5)     Petitioner's Motion for Leave of Court to Request an Order to File a Certificate of

Appealability is [Rec. No. 66] **DENIED**;

(6)     a certificate of appealability **SHALL NOT BE ISSUED**.

This the 23rd day of March, 2007.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**